ORIGINAL

# In the United States Court of Federal Claims
## Bid Protest

FILED
MAR 30 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN FOODS, INCORPORATED, | ) | |
| Plaintiff, | ) | 07-210 C |
| v. | ) | No. 07- C |
| | ) | Judge |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

POST-AWARD PROCUREMENT PROTEST COMPLAINT

Plaintiff, Southern Foods, Incorporated, 117 Mitch McConnell Way, Bowling Green, Kentucky 42102-1657 (Southern Foods), a Kentucky corporation and a small business and independently-owned full-line food service distributor, as and for its Post-Award Procurement Protest Complaint against the Defendant, the United States, alleges as follows:

INTRODUCTION

1. This is a Post-award Procurement Protest, a Civil Action alleging clear and prejudicial violations of Regulation in connection with a Federal Agency Acqui-

sition, Solicitation Number NAFBA1-06-R-0016, a Solicitation for Competitive Proposals which promises Awards, Indefinite-Delivery/Indefinite Quantity (IDIQ) Contracts for a base period of one year from date of Contract Award with nine one-year option periods, a Federal Agency Acquisition over which this Court has jurisdiction under 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1491(b)(1).

The Solicitation is issued by the United States Army Community and Family Support Center to support Morale, Welfare, and Recreation activities for active-duty soldiers and their families and Department of Defense civilian employees and their families. The Solicitation satisfies requirements of the Joint Services Prime Vendor Program, a food procurement program developed for Army, Marine Corps, Navy, Navy Exchange, and Coast Guard food activities, i.e., nonappropriated fund food activities located on these Services' installations and bases.

The Solicitation seeks Competitive Proposals for each of eighteen United States Service Areas within the Continental United States. The volume of food and food-related items purchased since Fiscal Year 1992 by participating Non-Appropriated Fund Instrumentalities (NAFIs) is $1,175,570,621.

The Joint Services Prime Vendor Program is a series of Contracts between private-sector food distributors and the United States Army. These private-sector food distributors agree to sell food and food-related items at a set margin/mark-up above cost. At the time the Solicitation was issued, military NAFIs were not obligated to purchase through the Joint Services Prime Vendor Program. As of May 1, 2007 participation in the Joint Services Prime Vendor Program will become mandatory.

This Civil Action is brought to obtain a Declaration that the Award of the Contract for United States Service Area 10 (Fort Knox, Louisville, Kentucky and Fort Campbell, Clarksville, Tennessee) proposed by Solicitation Number NAFBA1-06-R-0016 to U.S. Foodservice, Incorporated, 1350 North Tenth Street, Paducah, Kentucky 42001-1760 (USFS) lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious because:

(1) the Award was made only on low price (set margin/mark-up above cost) without consideration of customer service or management reporting capability, and without consideration of organizational experience (Prime Vendor experience) or past performances;

(2) the Award was made with no consideration as to responsibility other than vetting the selected Contractor against the Excluded Parties List System (http://-www.epls.gov/);

and (3) the Award was made without any consideration of the requirement of Morale, Welfare, and Recreation NAFIs at Fort Campbell for exclusive use under the Joint Services Prime Vendor Program of the International Merchant Purchase Authorization Card (IMPAC) as a method of payment.

This Civil Action seeks further a Permanent Injunction ordering:

(a) that the Contract awarded to USFS be terminated;

and (b) that the Solicitation be re-opened, that Offerors already determined to be within the competitive range be given an opportunity to submit revised Competitive Proposals, and thereafter that a proper Award is to be made from these revised Competitive Proposals.

As well, this Civil Action seeks money damages and equitable relief for Defendant's breach of the implied-in-fact Contract to consider Southern Food's Competitive Proposal fairly, honestly, and in good faith.

## NATURE OF THE ACTION

2. Southern Foods here challenges the Award to USFS on or about February 9th, 2007 of the Contract proposed by Solicitation Number NAFBA1-06-R-0016 for United States Service Area 10. This Award was made on the basis of supposed lowest evaluated price because the three Competitive Proposals submitted for United States Service Area 10 were all rated as technically acceptable. The total price (set margin/mark-up above cost over a term of one-hundred twenty months) of this Contract for United States Service Area 10 is $19,000,000 for Fort Campbell and $11,000,000 for Fort Knox.

Southern Foods seeks a Declaration that the Award lacks a rational basis and is arbitrary and capricious in violation of applicable procurement Regulations.

Southern Foods seeks a Permanent Injunction ordering that the Contract awarded to USFS be terminated.

Southern Foods seeks also a Permanent Injunction ordering that Solicitation Number NAFBA1-06-R-0016 be re-opened, that Offerors already determined to be in the competitive range be given an opportunity to submit revised Competitive Pro-

posals, and that thereafter a proper Award is to be made from these revised Competitive Proposals.

3. Southern Foods seeks a proper review of this Acquisition on the contemporaneous record, 5 U.S.C. § 706(2)(A), and meaningful relief for clear and prejudicial procurement process errors and clear errors of judgment.

Such a review will demonstrate that this Award violates Army Regulation 215-4, "Nonappropriated Fund Contracting," because there has not been a proper comparative assessment of the Competitive Proposals against the Source Selection Criteria set out in the Solicitation, this in violation of paragraph 4-17 of Army Regulation 215-4; that this Award violates paragraph 4-2.*a*. of Army Regulation 215-4 because the requirement at Fort Campbell for exclusive use of IMPAC as a method of payment is an undefined requirement precluding, as here, Award based on lowest price (lowest set margin/mark-up above cost over a term of one-hundred twenty months); and that this Award violates paragraph 2-7.*b*. of Army Regulation 215-4 because the required responsibility determination for USFS consisted of nothing more than vetting USFS against the Excluded Parties List System.

This Award lacks a rational basis because this Award was made only on lowest price without consideration of the other Source Selection Criteria set out in the Solicitation and because this Award is made on lowest price there has been no consideration, as required, of the requirement at Fort Campbell for exclusive use of IMPAC as a method of payment.

There is no reasoned judgment that can support this Award. United States Army Community and Family Support Center has thus breached the implied-in-fact Contract to treat Southern Foods' Competitive Proposal fairly.

4. Southern Foods, a responsible contractor, a small business and independently-owned full-line food service distributor, and an actual Offeror whose revised Competitive Proposal is in the competitive range and in a position to receive Award of the proposed Contract, is an appropriate "interested party" under 28 U.S.C. § 1491(b)(1), and Southern Foods has a direct economic interest in the outcome of this Post-Award Procurement Protest. *Impreza Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1334 (Fed. Cir. 2001).

Southern Foods is a proper party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(B)(ii), i.e., Southern Foods is a private party and a corpo-

ration which at the time this Post-Award Procurement Protest is filed has not more than 500 employees and whose net worth does not exceed $7,000,000.

This Post-Award Procurement Protest is timely filed. Southern Foods received on February 9th, 2007 written notice of this Award to USFS. On March 1st, 2007 Southern Foods received an oral Debriefing provided in accordance with paragraph 4-20 of Army Regulation 215-4. Southern Foods had filed an Agency Protest in accordance with paragraph 4-21.*d.* of Army Regulation 215-4 on February 19th, 2007 and on March 9th, 2007 Southern Foods supplemented its Agency Protest. Southern Foods did not receive the required written decision (paragraph 4-21.*e.* of Army Regulation 215-4) denying its Agency Protest until March 27th, 2007.

The United States Army Community and Family Support Center is an integral Department of Defense organizational entity that performs an essential Government function, and it is an instrumentality of the United States. *See* Definition of "Nonappropriated Fund Instrumentality (NAFI)," Army Regulation 215-4. The United States Army Community and Family Support Center is an "agency" just as that term is defined in 28 U.S.C. § 451, and thus the United States Army Community

and Family Support Center is also a "Federal agency" as is required by 28 U.S.C. § 1491(b)(1). *Bell BCI Company v. United States*, 56 Fed. Cl. 465, 469-70 (2003).

The United States Army Community and Family Support Center's violations of procurement Regulation have had a direct and prejudicial effect on Southern Foods. Southern Foods has been denied a proper evaluation of its Competitive Proposal, Southern Foods has been denied a proper "best value" determination, paragraph 4-2 of Army Regulation 215-4, and Southern Foods has not received a reasoned judgment that can support the Award to USFS.

As a result of the United States Army Community and Family Support Center's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration, Southern Foods is wasting proposal preparation costs. Ultimately, Southern Foods is being unfairly denied the opportunity to compete, on the announced evaluation criteria, for the Award of the Contract for United States Service Area 10 proposed by Solicitation Number NAFBA1-06-R-0016.

## FACTUAL ALLEGATIONS

SOLICITATION NUMBER NAFBA1-06-R-0016

5. Solicitation Number NAFBA1-06-R-0016 was issued on February 24th, 2006. This Acquisition seeks Competitive Proposals on fourteen Product Categories: Meat—Proportioned; Meat—Boxed; Poultry—Fresh & Frozen; Seafood—Fresh & Frozen; Grocery (including coffee, tea, and dispensed beverages); Eggs—Fresh & Frozen; Butter and Cheese; All Dairy Products; Produce; Paper, Plastics, Disposable; Smallwares; Janitorial/Chemical; and Drop Ship.

Offerors are required to price each of these fourteen Product Categories based on set margin/mark-up above cost to the private-sector food distributor and they are to do so for each year, this over a base year of twelve months and over nine one-year options.

The Contract proposed by Solicitation Number NAFBA1-06-R-0016 requires deliveries, at a minimum of twice a week, to NAFIs within each of eighteen United States Service Areas. Contractors are required to provide an order guide/price list for each NAFI serviced. Each order guide must be tailored to each individual ordering

NAFI, and each order guide must be "a true reflection of the items normally or regularly ordered by the activity."

Supplies in the fourteen Product Categories are to be ordered by issuance of Delivery Orders. The minimum order is $100 and total orders per Contract year may not exceed a maximum of $15,000,000. Payment is to be made by electronic funds transfer. The Contractor may accept (but it is not obligated to accept) payment by IMPAC. A NAFI that selects payment by IMPAC is restricted to this form of payment and this NAFI may not alternate between IMPAC and electronic funds transfer over the ten-year life of the Contract.

The Contract proposed by Solicitation Number NAFBA1-06-R-0016 requires the Contractor to provide monthly management reports including, *inter alia*, usage reports for individual NAFIs, weekly contract pricing and NAFI monthly transaction information, and data for the management and collection of rebates from food manufacturers.

6. Offerors are required to submit their Competitive Proposals in three separate volumes: Price Proposal, Technical Proposal, and Management Proposal.

Technical Proposals are to address customer service, i.e., methods to handle customer complaints, new product introduction frequency, procedures to handle out-of-sequence and emergency orders after business hours and on weekends, ability to inventory and stock proprietary items for specific NAFIs, and they are to address required management reporting, including a sample NAFI usage report and price verification and rebate management reports.

Management Proposals are to address Prime Vendor Program experience, the ability to carry an inventory not less than $2,000,000 and to stock not less than 6,500 items on an annual average, and past performances, this to include customer satisfaction surveys or similar documents.

Solicitation Number NAFBA1-06-R-0016 expressly promises that the United States Army Community and Family Support Center "*will conduct independent assessments of the Contractor's past performance.*" (Emphasis added).

7. There are three Evaluation Factors for Award: Price, Technical, and Management.

Price is evaluated for the base year and all option years.

Technical is evaluated based on customer service and management reporting requirements.

Management is evaluated based on organizational (Prime Vendor) experience and on past performance.

Price is significantly more important than Technical. Technical and Management are of equal importance.

8. The due date for initial Competitive Proposals was April 17th, 2006. A Competitive Range was established and revised Competitive Proposals were received on July 6th, 2006 and on November 6th, 2006.

SOUTHERN FOODS' PROPOSAL

9. Southern Foods is one of the eighteen second-generation Joint Services Prime Vendor Program full-line private-sector food service distributors, and Southern Foods has since August 1996 provided food and food-related items as a Prime Vendor to Fort Knox and to Fort Campbell.

Southern Foods has achieved participation rates in the Joint Services Prime Vendor Program from ninety-seven percent to ninety-nine point sixty-nine percent at Fort Campbell from 2003 through 2006 and at Fort Knox in the last six months of

2006. These are extraordinary participation rates for the Joint Services Prime Vendor Program.

The Joint Services Prime Vendor Program claims to have "resulted in lower cost of food and food-related products, lowered procurement overhead, improved quality, [and] standardized products . . . ." (http://www.jspvp.com/).

10. Southern Foods performs under the Joint Services Prime Vendor Program at Fort Campbell by accepting payment by IMPAC. NAFIs at Fort Campbell do not, and will not, use the Joint Services Prime Vendor Program unless the selected Prime Vendor will accept payment by IMPAC. The cost to Southern Foods, or any other Prime Vendor, to accept IMPAC is a two percent processing fee for each IMPAC payment.

11. In its Competitive Proposal Southern Foods explains that it is located within seventy miles of Fort Campbell and within ninety miles of Fort Knox. Southern Foods operates on a twenty-four hour schedule from Monday through Friday, with an abbreviated day on Saturday and limited Saturday deliveries. Southern Foods is open for ordering on Sundays.

Next day delivery service is available for orders placed by 5:00 p.m. Normal response time for an emergency order is four hours, and there is no extra charge for emergency orders.

Southern Foods explains in its Technical Proposal that it can, and has, produced the required management reports. Fort Campbell and Fort Knox are the first and second top ten Prime Vendor accounts for Southern Foods.

Southern Foods reports in its Management Proposal that Southern Foods' order fill rate without substitutions is ninety-nine percent, and with substitutions, Southern Foods' order fill rate is ninety-nine point four percent. And Southern Foods explains that it can accommodate an increase of thirty percent in annual sales before its existing warehouse facility is at its maximum capacity.

Southern Foods included completed Past Performance Questionnaires with its Competitive Proposal.

<u>USFS</u>

12. USFS operates from a warehouse in Paducah, Kentucky. This warehouse is one-hundred ninety-four miles from Fort Knox and eighty-five miles from Fort Campbell.

13. On August 16th, 2006 the United States Army debarred from Federal procurement both the former Program Manager of the Joint Services Prime Vendor Program at the United States Army Community and Family Support Center and an employee of USFS to whom this former Program Manager had provided confidential source selection information.

14. USFS operates as a wholly-owned subsidiary of Koninklijke Ahold, N.V., "Royal Ahold." The Civil Division, United States Department of Justice is investigating Contracts between USFS and the United States for potential overcharging. The Dutch disciplinary council for registered accountants has ruled that Royal Ahold's outside accountants "seriously failed" in their supervision of USFS. Royal Ahold's Chief Executive Officer has announced that will Royal Ahold will sell USFS.

CONTRACT AWARD

15. On February 9th, 2007 Southern Foods was notified that the Contract proposed by Solicitation Number NAFBA1-06-R-0016 for United States Service Area 10 has been awarded to USFS. Performance is to commence on April 1st, 2007. There is a transition period of forty-five days.

16. Three Competitive Proposals were submitted for United States Service Area 10. All three Competitive Proposals were rated as technically acceptable, and award was made to the Offeror with the lowest evaluated price (lowest set margin/mark-up above cost for the Contract term of one-hundred twenty months).

Southern Foods was evaluated as offering a gross profit margin of twelve point thirty-four percent. USFS was evaluated as offering a gross profit margin of eight point seventy-one percent.

THE DEBRIEFING

17. It was not until the Debriefing on March 1st, 2007 that the United States Army Community and Family Support Center understood that Southern Foods had obtained participation rates in the Joint Services Prime Vendor Program from ninety-seven percent to ninety-nine point sixty-nine percent at Fort Campbell from 2003 through 2006 and at Fort Knox in the last six months of 2006.

18. The United States Army Community and Family Support Center did not as expressly promised in Solicitation Number NAFBA1-06-R-0016 "*conduct independent assessments of the Contractor's past performance.*" No one from the United States

Army Community and Family Support Center contacted Southern Foods' customers at Fort Campbell and at Fort Knox.

19. Indeed, in its written denial of Southern Foods' Agency Protest on March 27, 2007 the United States Army Community and Family Support Center confirms that there were no assessments of past performance other than an evaluation of the questionnaires submitted with the Competitive Proposals.

20. The United States Army Community and Family Support Center confirmed at the Debriefing that its Technical Evaluators reviewed Competitive Proposals for all eighteen United States Service Areas, and that the Technical Evaluators for United States Service Area 10 had no specific experiences for United States Service Area 10.

21. The United States Army Community and Family Support Center admitted at the Debriefing that the responsibility determination for USFS consisted of nothing more than vetting USFS against the Excluded Parties List System.

## FIRST CLAIM FOR RELIEF

22. Southern Foods herewith incorporates and re-alleges paragraphs numbers 1. through 21. hereinabove as if fully set forth herein.

23. The Award to USFS was made only on lowest price (lowest set margin/mark-up above cost over the Contract term of one-hundred twenty months), and was not made based on a proper comparative assessment of the Competitive Proposals for United States Service Area 10 against the Source Selection Criteria set out in Solicitation Number NAFBA1-06-R-0016, this in violation of paragraph 4-17 of Army Regulation 215-4.

## SECOND CLAIM FOR RELIEF

24. Southern Foods herewith incorporates and re-alleges paragraphs numbers 1. through 21. hereinabove as if fully set forth herein.

25. The Award to USFS violates paragraph 4-2.*a*. of Army Regulation 215-4 because the requirement at Fort Campbell for exclusive use of IMPAC as a method of payment is an undefined requirement precluding, as here, Award based on lowest price (lowest set margin/mark-up above cost over a term of one-hundred twenty months).

## THIRD CLAIM FOR RELIEF

26. Southern Foods herewith incorporates and re-alleges paragraphs numbers 1. through 21. hereinabove as if fully set forth herein.

27. The Award to USFS violates paragraph 2-7.*b*. of Army Regulation 215-4 because the required responsibility determination for USFS consisted of nothing more than vetting USFS against the Excluded Parties List System.

FOURTH CLAIM FOR RELIEF

28. Southern Foods herewith incorporates and re-alleges paragraphs numbers 1. through 21. hereinabove as if fully set forth herein.

29. The United States Army Community and Family Support Center has breached the implied-in-fact Contract of good faith, fair dealing, and honest consideration that the United States Army Community and Family Support Center entered into with Southern Foods when the Competition under Solicitation Number NAFBA1-06-R-0016 commenced.

PRAYER FOR RELIEF

WHEREFORE, premises considered, Southern Foods respectfully requests the Court to grant Judgment for Southern Foods in this Civil Action, and to Order the following relief:

1. a Declaration that the Award to USFS of the Contract for United States Service Area 10 proposed by Solicitation Number NAFBA1-06-R-0016 lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious; and

2. a Permanent Injunction ordering: (a) that the Contract awarded to USFS be terminated; and (b) that the Solicitation be re-opened, that Offerors already within the competitive range be given an opportunity to submit revised Competitive Proposals, and thereafter that a proper Award is to be made from these revised Competitive Proposals; and

3. a Declaration that Southern Foods is entitled to equitable relief, and money damages, for the United States Army Community and Family Support Center's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration that the United States Army's Community and Family Support Center entered into with Southern Foods when the Competition under Solicitation Number NAFBA1-06-R-0016 commenced; and

4. such further and other relief as the Court may deem just and proper.

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

March 30th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Southern Foods, Incorporated.