ORIGINAL

# In the United States Court of Federal Claims
## Bid Protest

FILED
MAR 3 0 2007
U.S. COURT OF FEDERAL CLAIMS

SOUTHERN FOODS, INCORPORATED,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

07-210 C

No. 07- C
Judge

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to RCFC 65(a)(1), Southern Foods, Incorporated (Southern Foods), a Kentucky corporation and a small business and independently-owned full-line food service distributor, Plaintiff herein, hereby Moves for a Preliminary Injunction precluding Defendant and, more particularly, the United States Army Community and Family Support Center, Alexandria, Virginia from proceeding with the Contract for United States Service Area 10 that is proposed by Solicitation Number NAFBA1-06-R-0016 and that has been awarded to U.S. Foodservice, Incorporated, 1350 North Tenth Street, Paducah, Kentucky 42001-1760 (USFS).

In support of this Motion for a Preliminary Injunction, Southern Foods shows to the Court:

A. The Contract for United States Service Area 10 proposed by Solicitation Number NAFBA1-06-R-0016 is a successor to the Contract now held by Southern Foods. Southern Foods has held this predecessor Contract since August 1996, and Southern Foods' Contract is in effect through March 31st, 2007.

B. The Solicitation is issued by the United States Army Community and Family Support Center to support Morale, Welfare, and Recreation activities for active-duty soldiers and their families and Department of Defense civilian employees and their families. The Solicitation satisfies requirements of the Joint Services Prime Vendor Program, a food procurement program developed for Army, Marine Corps, Navy, Navy Exchange, and Coast Guard food activities, i.e., nonappropriated fund food activities located on these Services' installations and bases.

The Joint Services Prime Vendor Program is a series of Contracts between private-sector food distributors and the United States Army. These private-sector food distributors agree to sell food and food-related items as a set margin/mark-up above cost to Non-Appropriated Fund Instrumentalities (NAFIs) within each of

eighteen United States Service Areas within the Continental United States. At the time the Solicitation was issued, military NAFIs were not obligated to purchase through the Joint Services Prime Vendor Program. As of May 1, 2007 participation in the Joint Services Prime Vendor Program will become mandatory.

C. The Award to USFS on or about February 9th, 2007 of the Contract proposed by Solicitation Number NAFBA1-06-R-0016 for United States Service Area 10 was made on the basis of supposed lowest evaluated price because the three Competitive Proposals submitted for United States Service Area 10 were all rated as technically acceptable. The total price (set margin/mark-up above cost over a term of one-hundred twenty months) of this Contract for United States Service Area 10 is $19,000,000 for Fort Campbell and $11,000,000 for Fort Knox.

D. Southern Foods is one of the eighteen second-generation Joint Services Prime Vendor Program full-line private-sector food service distributors, and Southern Foods has since August 1996 provided food and food-related items as a Prime Vendor to Fort Knox and to Fort Campbell.

Southern Foods has achieved participation rates in the Joint Services Prime Vendor Program from ninety-seven percent to ninety-nine point sixty-nine percent

at Fort Campbell from 2003 through 2006 and at Fort Knox in the last six months of 2006. These are extraordinary participation rates for the Joint Services Prime Vendor Program.

Southern Foods performs under the Joint Services Prime Vendor Program at Fort Campbell by accepting the International Merchant Purchase Authorization Card (IMPAC) as a method of payment. NAFIs at Fort Campbell do not, and will not, use the Joint Services Prime Vendor Program unless the selected Prime Vendor will accept IMPAC. The cost to Southern Foods, or any other Prime Vendor, to accept IMPAC is a two percent processing fee for each IMPAC payment.

Under the Contract for United States Service Area 10 that is proposed by Solicitation Number NAFBA1-06-R-0016, the Contractor may accept (but it is not obligated to accept) payment by IMPAC. A NAFI that selects payment by IMPAC is restricted to this form of payment and this NAFI may not alternate between IMPAC and electronic funds transfer over the ten-year life of the Contract.

E. USFS operates from a warehouse in Paducah, Kentucky. This warehouse is one-hundred ninety-four miles from Fort Knox and eighty-five miles from Fort Campbell.

On August 16th, 2006 the United States Army debarred from Federal procurement both the former Program Manager of the Joint Services Prime Vendor Program at the United States Army Community and Family Support Center and an employee of USFS to whom this former Program Manager had provided confidential source selection information.

USFS operates as a wholly-owned subsidiary of Koninklijke Ahold, N.V., "Royal Ahold." The Civil Division, United States Department of Justice is investigating Contracts between USFS and the United States for potential overcharging. The Dutch disciplinary council for registered accountants has ruled that Royal Ahold's outside accountants "seriously failed" in their supervision of USFS. Royal Ahold's Chief Executive Officer has announced that will Royal Ahold will sell USFS.

Southern Foods operates from a warehouse facility in Bowling Green, Kentucky that is located within seventy miles of Fort Campbell and within ninety miles of Fort Knox.

Southern Foods' order fill rate without substitutions is ninety-nine percent, and with substitutions, Southern Foods' order fill rate is ninety-nine point four percent. Southern Foods can accommodate an increase of thirty percent in annual

sales before its existing warehouse facility is at its maximum capacity.

F. The Award to USFS violates Army Regulation 215-4, "Nonappropriated Fund Contracting," because there has not been a proper comparative assessment of the Competitive Proposals against the Source Selection Criteria set out in the Solicitation, this in violation of paragraph 4-17 of Army Regulation 215-4.

The Award to USFS violates paragraph 4-2.*a*. of Army Regulation 215-4 because the requirement at Fort Campbell for exclusive use of IMPAC as a method of payment is an undefined requirement precluding, as here, Award based on lowest price (lowest set margin/mark-up above cost over a term of one-hundred twenty months).

The Award to USFS violates paragraph 2-7.*b*. of Army Regulation 215-4 because the required responsibility determination for USFS consisted of nothing more than vetting USFS against the Excluded Parties List System (http://www.epls.gov/).

G. In order to obtain this Preliminary Injunction enjoining the United States Army Community and Family Support Center from proceeding with the Contract that has been awarded to USFS and is proposed for United States Service Area 10 by Solicitation Number NAFBA1-06-R-0016, Southern Foods must clearly show: (a) a

likelihood of success on the merits, (b) that the harm to Southern Foods outweighs the harm to the United States Army Community and Family Support Center, (c) that the public interest is served by enjoining the United States Army Community and Family Support Center, and (d) irreparable injury to Southern Foods if the United States Army Community and Family Support Center is not enjoined, including, but not limited to, the absence of an adequate remedy at law for Southern Foods. *See, e.g., U.S. Association of Importers of Textiles & Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005); *PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004).

H. This Award to USFS is arbitrary and lacks a rational basis because this Award was made only on lowest price without consideration of the other Source Selection Criteria set out in the Solicitation, and because this Award to USFS is made only on the basis of lowest price there has been no consideration, as required, of the requirement at Fort Campbell for exclusive use of IMPAC as a method of payment.

And a Contract award such as this one, an Award that violates paragraph 2-7.*b*. of Army Regulation 215-4 because the required responsibility determination for USFS consisted of nothing more than vetting USFS against the Excluded Parties List

System is a Contract award which is arbitrary, capricious, and otherwise contrary to law. *Reilly's Wholesale Produce v. United States,* 73 Fed. Cl. 705, 714 (2006). Success on the merits here is beyond likely—instead, it is obvious.

I. The balance of hardships leans in Southern Foods' favor—Southern Foods is already providing food and food-related items as a Prime Vendor to NAFIs at Fort Campbell and at Fort Knox. And Southern Foods performs under the Joint Services Prime Vendor Program at Fort Campbell by accepting payment by IMPAC. NAFIs at Fort Campbell do not, and will not, use the Joint Services Prime Vendor Program unless the selected Prime Vendor will accept payment by IMPAC.

J. The public interest will be served and, indeed, commands granting the requested Preliminary Injunction:

> In the instant case, the public's interest likewise lies in preserving the integrity of the competitive process . . . .

*Reilly's Wholesale Produce*, 73 Fed. Cl., at 716.

So too here. Military NAFIs at Fort Campbell will participate in the Joint Services Prime Vendor Program only if the selected Prime Vendor will accept payment by IMPAC.

K. Irreparable injury? Southern Foods cannot again compete to provide food and food-related items at Fort Campbell and at Fort Knox until April 2017, when the Contract for United States Service Area 10 that is proposed by Solicitation Number NAFBA1-06-R-0016 expires by its terms. Such a lost opportunity to compete, and the competitive advantage which will accrue to USFS (and its successor, if the United States Army Community and Family Support Center allows a novation) through performing the Contract for United States Service Area 10 that is proposed by Solicitation Number NAFBA1-06-R-0016, is sufficient. *Filtration Development Co., LLC v. United States*, 60 Fed. Cl. 371, 385 (2004); *ATA Defense Industries v. United States*, 38 Fed. Cl. 489, 505 (1997).

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

March 30th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Southern Foods, Incorporated.