No. 07-210C
(Judge Bruggink)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

---

SOUTHERN FOODS INCORPORATED,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. McCARTHY
Assistant Director

JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Respondent

April 13, 2007

# TABLE OF CONTENTS

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. The Contract At Issue Here Is Not Funded By Any Approrpriated Funds . . . . . . 2

B. Congress Has Manifested Its Intent That Department of Defense NAFIs Be Entities That Use Only Non-Appropriated Funds Separate From The Public Treasury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C. The AMWRF Is Not A Federal Agency Within The Meaning Of Section 1491(b)(1), And Is Therefore Not Subject To Bid Protest Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D. There Is No Express Waiver Of Sovereign Immunity To Allow Tucker Act Jurisdiction Over A Non-Enumerated NAFI . . . . . . . . . . . . . . . . . . . . . . . . 8

E. The ADRA Was Not A Waiver Of Sovereign Immunity For

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## CASES

Aaron v. United States, 51 Fed. Cl. 690 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

AINS, Inc. v. United States,
365 F.3d 1333 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Allen B. Aaron v. United States,
27 Fed. Cl. 295 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Burroughs Corp. v. United States,
617 F.2d 590 (Ct. Cl. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Core Concepts of Fla. v. United States,
327 F.3d 1331 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cosme Nieves v. Deshler,
786 F.2d 445 (1st Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

El-Sheikh v. United States,
177 F.3d 1321 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Emery W.W. Airlines, Inc. v. United States et. al,
264 F.3d 1071 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Furash & Co. v. United States,
252 F.3d 1336 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

George E. Warren Corp. v. United States,
341 F.3d 1348 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Impresa Construzioni Geom. Domenico Garufi v. United States,
238 F.3d 1324 (Fed Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kyer v. United States,
369 F.2d 714 (Ct. Cl. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

L'Enfant Plaza Props., Inc. v. United States,
668 F.2d 1211 (Ct. Cl. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lane v. Pena,
518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Lion Raisins, Inc. v. United States,
416 F,.3d 1356 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5. 8

Meeks v. West,
216 F.3d 1363 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Nippon Steel Corp. v. United States,
458 F.3d 1345 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Novell, Inc. v. United States,
46 Fed. Cl. 601 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ruckelshaus v. Sierra Club,
463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Scanwell Laboratories, Inc. v. Shaffer,
424 F.2d 859 (D.C. Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Sodexho Marriott Mgmt., Inc. v. United States,
61 Fed. Cl.229 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 9

Taylor v. United States,
49 Fed. Cl. 589 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 5, 9

United States Nat. Bank of Oregon v. Independent Ins. Agents of Am., Inc.,
508 U.S. 439 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

W & D Ships Deck Work, Inc. v. United States,
39 Fed. Cl. 638 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

10 U.S.C. 2491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 451 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1491(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

28 U.S.C. § 1491(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

**MISCELLANEOUS**

Army Regulation 215-1;1-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Army Regulation 215-1;3-7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Army Regulation 215-1;3-8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Army Regulation 215-1;3-9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Army Regulation 215-1;4-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Army Regulation 215-1;12-2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Army Regulation 215-1;12-10(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Pub. L. No. 104-320, 110 Stat. 3870 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pub. L. No. 107-314, 116 Stat. 2511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Code Cong. Admin. News, p. 1595 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**DECISIONS OF THE COMPTROLLER GENERAL**

Kold-Draft Hawaii, Inc., B-222669, 86-1 CPD 331 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Liquipharm, Inc.,, B-245069.2 91 CPD ¶ 212 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sodexho Mgmt., Inc., B-289605.2 2002 CPD ¶ 111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Thayer Gate Development Corp., B-242847.2 (December 9, 1994) . . . . . . . . . . . . . . . . . . . . . . . 8

Thayer Gate Development Corp., B-242847 (February 6, 1991) . . . . . . . . . . . . . . . . . . . . . . . . 8

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Bid Protest)**

| | | |
|---|---|---|
| SOUTHERN FOODS INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-210C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully replies to plaintiff, Southern Foods, Inc. ("Southern Foods") as follows.

As we demonstrated in our motion to dismiss, this Court lacks subject matter jurisdiction to entertain Southern Food's bid protest complaint because Southern Foods is challenging a solicitation issued by the Army Morale, Welfare and Recreation Fund ("AMWRF"), which is a non-appropriated fund instrumentality ("NAFI"). Under the non-appropriated fund doctrine, claims involving contracts with non-enumerated NAFIs are excluded from Tucker Act jurisdiction on the theory that the United States has waived sovereign immunity and consented to suits involving contracts only where the proprietary interests of the United States, i.e., appropriated funds, are at issue.[1] 28 U.S.C. § 1491(a)(1); Furash & Co. v. United States, 252 F.3d 1336 (Fed. Cir. 2001); Sodexho Marriott Mgmt. Inc., v. United States, 61 Fed. Cl. 229 (2004); Taylor v. United States, 49 Fed. Cl. 589, 605 (2001).

---

[1] The enumerated NAFIs are Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or exchange Councils of the National Aeronautics and Space Administration. 28 U.S.C. § 1491(a)(1).

## ARGUMENT

A. The Contract At Issue Here Is Not Funded By Any Appropriated Funds

There is no dispute that the AMWRF is a Department of Defense NAFI created and operated under the authority of Army Regulation 215-1;1-5.[2] Southern Foods concedes this point. Plaintiff's Brief ("Pl. Br.") at 14-15.

Contrary to Southern Foods's claims however, there are no appropriated funds to be obligated by the contract at issue here, NAFBA1-06-R-0016, nor could there be. The AMWRF is funded 100 percent by non-appropriated funds. The funds used to buy the food under this contract are therefore, 100 percent non-appropriated funds. Therefore, the specific terms of the contract provide: "NO APPROPRIATED FUNDS OF THE UNITED STATES SHALL BE COME DUE OR BE PAID THE CONTRACTOR BY REASON OF THIS CONTRACT." A.R. 79. (Capitalization in original).

Moreover, to the extent appropriated fund (APF) support can be used to support an MWR activity, it can only be for an authorized purpose. Army Regulation (AR) 215-1, Table D-1 lists all of the instances where APFs may be used in support of MWR activities. Food is absent from that list, thus, APFs could never be transferred to pay for MWR food needs. The food products that the NAFI purchases via Prime Vendor contracts are used for resale food operations conducted in MWR facilities, such as, the restaurant in the officer's club; the snack bars at the

[2] In its earlier motion, the Government referred to the contracting entity as the United States Army Community and Family Support Center - Morale, Welfare and Recreation fund, but the actual contracting party for this contract is the AMWRF. Through the NAF Contracting Directorate, the USACFSC serves to provide "guidance and oversight" for the AMWRF, but it is not a party to the contract. A.R. 46-47, 79.

bowling alley, or golf course, and other similar MWR food outlets.[3] Army Reg. 251-1;12-2 (a)(2) and (c)(1). Additionally, the AMWRF is expected to fund itself with the proceeds from its food and beverage sales, and it can generate funds only from the resale of food and beverage items that were purchased with NAFs. Army Reg. 215-1;12-2 c (14) , and 12-10 c.

B. Congress Has Manifested Its Intent That Department of Defense NAFIs Be Entities That Use Only Non-Appropriated Funds Separate From The Public Treasury

Southern Foods alleges that appropriated funds can be used to support the programs of the AMWRF and that this negates the NAFI doctrine with respect to Southern Foods's claim. Pl. Br. 14; Allen B. Aaron v. United States, 27 Fed. Cl. 295 (1992). Southern Foods is mistaken.

As noted above, APFs are never authorized for purchasing food, thus, even if APFs could be used by the AMWRF, it would only be for purposes extraneous to the contract at issue here. Moreover, it is immaterial what Category the MWR activity is where the resale food operation happens to be located. All resale food operations, no matter in what MWR Category facility (A, B, or C) they are located in are pure NAF operations. See Army Regulation 215-1; 3-7, 3-8, 3-9. Thus, it is irrelevant whether the activity (bowling alley; club; gym; youth program, etc) obtains any direct or indirect APF support for its program/operations. The point is that only NAFs are being expended for the underlying food purchases made by the NAF food operations located within a category A or B activity; absolutely no APFs are used.

Additionally, in 2002, Congress amended the authorizing NAFI legislation to express its intent that Department of Defense NAFI's be treated as separate and independent entities in

---

[3] The plaintiff claims it serviced the Fort Campbell Community Hospital under this contract. However, that is not the case. The Hospital is not a participant under the NAF Prime Vendor contract. The plaintiff might have serviced the hospital, but not under this contract.

which the United States asserts no proprietary interest even if appropriated funds are used. The 2002 amendment indicated Congress's intention that Department of Defense NAFIs would not obligate public monies, and would be treated separately from appropriated fund entities. This section was added to the United States Code as part of the Bob Stump National Defense Authorization Act, in order to:

> authorize the Secretary of Defense to permit installation commanders to manage funds appropriated for installation Morale, Welfare, and Recreation (MWR) programs under the procedures used for nonappropriated funds and would authorize conversion of certain employment positions, with the employees' consent, from appropriated fund positions to non appropriated fund positions.

P.L. 107-314, 116 Stat. 2511; 2002 U.S. Code Cong. Admin. News, p. 1595. The actual statutory language is now codified at 10 U.S.C. § 2491:

> Under regulations prescribed by the Secretary of Defense, funds appropriated to the Department of Defense and available for morale, welfare, and recreation programs may be treated as nonappropriated funds and expended in accordance with laws applicable to the expenditures of nonappropriated funds. When made available for morale, welfare, and recreation programs under such regulations, appropriated funds shall be considered nonappropriated funds for all purposes and shall remain available until expended.

The clear import of this section is to keep the funding and operation of Department of Defense NAFIs separate and distinct from other entities. Moreover, as noted above, the specific terms of the particular contract at issue in this case also state that no appropriated funds are to be obligated. Additionally, the Army Regulations authorized by this statute, provide, in pertinent part: "NAFs are separate from APFs of the U.S. Treasury. They are not commingled with APFs and are managed separately, even when supporting a common program." Army Reg. 215-1; 4-

1(a).

Where Congress has "clearly expressed its intent that the agency or the particular activity that gave rise to the dispute in question, is to be separated from general federal revenues," it must be concluded that Congress intended to absolve the appropriated funds of the United States from liability for acts of the AMWRF. Core Concepts of Fla. Inc. v. United States, 327 F.3d 1331, 1334 (Fed. Cir. 2003) (citing Aaron v. United States, 51 Fed. Cl. 690, 692 (2002) and El-Sheikh v. United States, 177 F.3d 1321, 1322 (Fed. Cir. 1999)); Taylor, 49 Fed. Cl. at 605. Accord Aaron Allen, 27 Fed. Cl. at 298. Absent any possibility of using appropriated funds to support this contract, there is no basis for this Court to exercise its jurisdiction to entertain Southern Foods's claim.

C. The AMWRF Is Not A Federal Agency Within The Meaning Of Section 1491(b)(1), And Is Therefore Not Subject To Bid Protest Jurisdiction

Southern Foods, as the party asserting jurisdiction, bears the burden to establish jurisdiction in this Court. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Here, this requires Southern Foods to demonstrate that as it relates to its challenge of the AMWRF solicitation for food service, it is an interested party who is bringing a pre-award challenge to a solicitation issued by a Federal agency.

It is well-established, and Southern Foods acknowledges, that the Court of Federal Claims lacks jurisdiction to render judgment on a claim under Section 1491(a) of the Tucker Act, for money damages against a NAFI. Plaintiff's Brief at 16; Sodexho Marriott Mgmt. v. United States, 61 Fed. Cl. 229 (2004). Further, there is no dispute that a claim brought pursuant to

section 1491(a)(1)[4] is a claim against the United States. Although section(b)(1) employs the term "Federal agency" rather than the language of section(a)(1), based upon the definition of agency found in 28 U.S.C. § 451, the use of different words within the two sub-provisions are equivalent.

Section 451 of Title 28, of the United States Code, defines agency as including:

> any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

It is true that the AMWRF, is "legally constituted as an 'instrumentality of the United States,'" and that "[f]unds in NAFI/entity accounts are Government funds, and NAF property, including buildings, is Government property." Army Reg. 215-1; 4-1(a). It is equally true, however, as noted above, that Congress intended, as expressed through legislation, that Department of Defense NAFIs are separate and independent entities in which the United States asserts no proprietary interest even if appropriated funds are used. 10 U.S.C. § 2491(a); Army Reg. 215-1;4-1(a).

In Lion Raisins, Inc. v. United States, 416 F.3d 1356 (Fed. Cir. 2005), the Court of Appeals for the Federal Circuit held that Tucker Act jurisdiction over Constitutional takings

---

[4] Section(a)(1) of Title 28 of the United States Code, provides, in relevant part that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort.

claims extended to NAFIs, holding that "takings claims based on the actions of NAFI's are 'claims' against the United States founded. . . upon the Constitution." Lion Raisins, 416 F.3d at 1364. In reaching this conclusion, however, the court acknowledged the non-appropriated fund doctrine as it applied to the contracting behavior of NAFIs, stating, "Such separate entities may make contracts that bind the entities themselves, but the Tucker Act does not authorize suits against those entities," reasoning that

> A contract made by a separate entity is a contract with the United States only of the separate entity has the authority to obligate appropriated funds, or as stated in [Kyer v. United States, 369 F.2d 714, 718 (1966)] if 'that contract [is] one which, in the contemplation of Congress, could obligate public monies.'

Lion Raisins, 416 F.3d at 1366. The court in Lion Raisins found that this doctrine had no application to Constitutional takings claims against NAFIs, because takings claims raise different issues and concerns, and arise in many non-contract situations.

Nevertheless, the Lion Raisins court clearly recognized that the non-appropriated fund doctrine continues to present a jurisdictional bar to claims relating to contracts with NAFIs, and the court has not overruled the Circuit's opinions in AINS, Furash, and other similar precedent. Lion Raisins was decided by a three judge panel, 416 F.3d at 1356, and only the Court sitting en banc can overrule established precedent. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006), (citing George E. Warren Corp. v. United States, 341 F.3d 1348, 1351-52 (Fed. Cir. 2003). The court reasoned that the 1970 amendments to the Tucker Act were intended to address "which NAFIs would be able to subject the United States to suit based upon their contracting behavior." Lion Raisins, 416 at 1367. Where the Government does not assume any liability for an entity's financial obligations, it "could not be said to have consented to a suit

designed to vindicate such obligations." Id. at 1366, (citing United States v. Hopkins, 427 U.S. 123, 125 (1976). Accordingly, the AMWRF cannot be considered a Federal agency for purposes of section 1491(b). L'Enfant Plaza Props., Inc. v. United States, 668 F.2d 1211, 1212 (1982).

The GAO has consistently held that NAFIs do not constitute federal agencies for purposes of bid protest authority. See e.g. Sodexho Mgmt., Inc., B-289605.2 2002 CPD ¶ 111, page 4 (2002) ("NAFIs are not federal agencies or government corporations") Liquipharm, Inc., B-245069.2, 91 CPD ¶ 212 (1991) (AAFES is a NAFI and therefore not a federal agency); Centex Constr. Corp., B-238812, 90-1 CPD 256 (1990) ; Kold-Draft Hawaii, Inc., B-222669, 86-1 CPD ¶ 331 (1986) (Hotel operated by the Army nonappropriated fund activity not a federal agency). Additionally, on at least two occasions, the GAO specifically decided that the AMWRF did not constitute a federal agency. In re: Thayer Gate Development Corp., B-242847 (February 6, 1991); In re: Thayer Gate Development Corp., B-242847.2, (December 9, 1994). While decisions of the Comptroller General are not binding on this Court, the Court has, on occasion looked to such decisions as informed and persuasive authority. W&D Ships Deck Work, Inc. v. United States, 39 Fed. Cl. 638, 643 (1997); Burroughs Corp. v. United States, 617 F.2d 590, 597 (Ct. Cl. 1980).

D. There Is No Express Waiver of Sovereign Immunity To Allow Tucker Act Jurisdiction Over A Non-Enumerated NAFI

As noted above, Southern Foods has the burden of demonstrating that this Court is able to exercise jurisdiction to entertain its complaint. McNutt, 298 U.S. 189). The fact that the United States has never waived its sovereign immunity to bring breach of contract claims against NAFIs, is undisputed and strongly counsels against inferring a waiver for complaints regarding the award of a contract, i.e., bid protests. AINS, Inc. v. United States, 365 F.3d 1333, 1336

(Fed. Cir. 2004).

Contrary to Southern Foods's position, AINS clearly supports the Government's position that "[a]bsent some specific statutory provision to the contrary, the Court of Federal Claims lacks jurisdiction over actions in which appropriated funds cannot be obligated." AINS, 365 F.3d at 1336. Additionally, Southern Foods acknowledges that Sodexho Marriott Mgmt., Inc. v. United States, 61 Fed. Cl.229, 242-243 (2004) held that Tucker Act jurisdiction under section 1491(a)(1) did not extend to NAFIs that are not listed in 28 U.S.C. §§ 1346 and 1491(a). The Court in Sodexho further held that without an express waiver of sovereign immunity clearly enunciated by Congress to include a NAFI in Tucker Act jurisdiction, the Court lacked jurisdiction to entertain a claim involving any NAFI not specifically listed. 61 Fed. Cl. at 242-243. The court reached same conclusion in Taylor, that absent an express waiver of sovereign immunity for suits against NAFIs based on a claimed violation of a statute, the Court lacked jurisdiction to entertain the claim. Taylor, 49 Fed. Cl.606. Nothing in section 1491(b)(1) contains the express waiver of sovereign immunity necessary to extend Tucker Act jurisdiction to bid protest actions involving non-enumerated NAFIs. To hold that nothing in section 1491(b)(1) specifically precludes jurisdiction over them is to engage in exactly the kind of inference-drawing that the Supreme Court has said is forbidden. Lane v. Pena, 518 U.S. 187, 192 (1996); Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983).

E. The ADRA Was Not A Waiver Of Sovereign Immunity For Unenumerated NAFIs

The Administrative Dispute Resolution Act of 1996, ("ADRA"), Pub. L. No. 104-320, 110 Stat. 3870, as relevant here, was codified at Section 1491(b)(1) of Title 28, of the United States Code which reads in pertinent part:

> (b)(1) [T]he Unite[d] States Court of Federal Claims. . . shall have jurisdiction to render judgement on action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. . . . [T]he United Sates Court of Federal Claims . . . shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

Contrary to Southern Foods's position, this did not create a completely new jurisdictional grant from whole cloth, rather, it was an amendment to the Tucker Act, to extend this Court's jurisdiction to include the authority to entertain bid protests. Novell, Inc. v. United States, 46 Fed. Cl. 601, 605 (2000) (citing 28 U.S.C.§ 1491(b)(1)-(4)). Accord Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1330 (Fed Cir. 2001). Establishing that, however, does not answer the question of over which class or classes of litigants this jurisdiction was to extend. As it is an amendment of an existing statute, principles of statutory construction counsel reading subparagraphs (a) and (b) of section 1491 as a whole. That is, reading the language of 1491(a)(1) , that limits Tucker Act jurisdiction to only those NAFIs specifically enumerated, as governing in subparagraph (b) as well. Meeks v. West, 216 F.3d 1363, 1366-67 (Fed. Cir. 2000) (citing United States Nat. Bank of Oregon v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 454-55 (1993).

The so-called "Scanwell" line of cases also fail to support Southern Foods's position. Scanwell Laboratories, Inc. v. Shaffer, 424 F.2d 859 (D.C. Cir. 1970). In Emery W.W. Airlines, Inc. v. United States, 264 F.3d 1071, 1083 (2001), the Federal Circuit held that section 1491(b)(1) bid protest jurisdiction extended to the United States Postal Service. The court there relied, in part, on the absence of language in the ADRA specifically excluding the Postal Service from

jurisdiction, and on the lack of other legislative guidance specifically to exclude the Postal Service from bid protests. Id. Here, by contrast, there is specific legislative guidance, contained in section 1491(a)(1). Congress has previously specified the particular NAFIs that would be subject to this Court's jurisdiction, and nothing in the ADRA indicates that Congress meant to alter or expand that group. Moreover, unlike disappointed bidders with the Postal Service, Southern Foods was not left without a remedy. As noted in our earlier brief, the relevant Army regulations provide two levels of review for a disappointed bidder, and this is the means of redress that Congress intended with respect to MWR entities.

## CONCLUSION

For all of the reasons expressed above, the United States respectively requests that this Court dismiss Southern Food's complaint in its entirety.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

/s Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Respondent

April 13, 2007

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 13th day of April, 2007, the foregoing "REPLY BRIEF OF UNITED STATES", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD