# In the United States Court of Federal Claims

| | | |
|---|---|---|
| SOUTHERN FOODS, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>U.S. FOODSERVICE, INCORPORATED,<br><br>Intervenor. | ) | **BID PROTEST**<br>**No. 07-210C**<br>**Judge Eric G. Bruggink** |

COUNTER STATEMENT OF FACTS

Plaintiff, Southern Foods, Incorporated, 117 Mitch McConnell Way, Bowling Green, Kentucky 42102-1657 (Southern Foods), in compliance with RCFC 52.1(b), sets out the following Counter Statement of Facts necessary to resolve the issues presented in this Post-Award Procurement Protest.

**Agreed-Upon Redacted Copy**
**May Be Made Public**

1. It is not true, as Defendant's Statement of Facts Number 24 would have it, at page 6, that the Technical Evaluation Team evaluated U.S. Foodservice, Incorporated's (USFS') initial Competitive Proposal or that individual Technical Evaluation Team members issued evaluations of the USFS initial Competitive Proposal on May 9th, 2006 or at any other time. There is instead in the Administrative Record an incomplete report dated May 10th, 2006 from only one of the three Technical Evaluators, and this incomplete report is at Administrative Record pages 1501 through 1505. There are no observations about the USFS initial Competitive Proposal on any of these five pages.

2. It is not true, as Defendant's Statement of Fact Number 25 would have it, at page 6, that the Contracting Officer conducted an evaluation of the Price factor for USFS' initial Competitive Proposal. There is no such evidence in the Administrative Record. Nor in the Administrative Record is there any evidence of the prices proposed by USFS in the USFS initial Competitive Proposal. An evaluation of the Price factor for USFS' initial Competitive Proposal, this by way of establishment of a Competitive Range, was required by subparagraph 4-14.*d.(1), Competitive Range* of Army Regula-

tion 215-4, MORALE, WELFARE, AND RECREATION NONAPPROPRIATED FUND CONTRACTING before discussions could be conducted with USFS and with Southern Foods. And discussions were conducted with USFS and with Southern Foods after receipt of initial Competitive Proposals.

3. It is not true, as Defendant's Statement of Fact Number 26 would have it, at page 6, that the Contracting Officer on July 5th, 2006, or at any other time, told USFS that the Contracting Officer had calculated USFS' gross markup/margin percentage to be 8.71 percent. It is true, as Defendant's Statement of Fact Number 26 would have it, at page 6, that the Contracting Officer on July 5th, 2006 wrote USFS to recommend that USFS re-evaluate USFS' proposed price margins. Administrative Record, at 401.

4. It is not true, as Defendant's Statement of Fact Number 28 would have it, at page 7, that the Contracting Officer on July 6th, 2006, or at any other time before November 6th, 2006 recommend that Southern Foods re-evaluate Southern Foods' proposed price margins. It is not true, as Defendant's Statement of Fact Number 28 would have it, at page 7, that the Contracting Officer on July 6th, 2006, or at any other time,

wrote Southern Foods and explained that the Contracting Officer had calculated Southern Foods' gross markup/margin percentage to be 12.34 percent.

5. USFS responded on November 20th, 2006 with revisions to its initial Competitive Proposal. Administrative Record, at 1596. USFS' revised Competitive Proposal does not provide the customer satisfaction surveys which are required by Request for Proposal Number NAFBA1-06-R-0016. Administrative Record, at 1601. In its revised Competitive Proposal USFS has not corrected the Deficiencies noted by the Technical Evaluation Team. Administrative Record, at 1601, 1606.

6. It is not true, as Defendant's Statement of Fact Number 33 would have it, at page 8, that USFS at any time "responded" to the Deficiencies noted in USFS' initial or revised Competitive Proposals.

7. It is not true, as Defendant's Statement of Fact Number 34 would have it, at page 8, that USFS' initial Competitive Proposal was evaluated at any time on the Price Factor.

8. It is not true, as Defendant's Statement of Fact Number 35 would have it, at pages 8-9, or as Intervenor's Statement of Fact Number 13 would have it, at page 4,

that the Technical Evaluation Team at any time rated Southern Foods' revised Competitive Proposal as "Green" on the Management Factor, or that the Technical Evaluation Team at any time gave Southern Foods' revised Competitive Proposal an overall rating of "Green," or "Acceptable."

9. After Southern Foods had provided the necessary clarifications for Southern Foods' initial Competitive Proposal, a member of the Technical Evaluation Team on July 21st, 2006 re-rated Southern Foods' revised Competitive Proposal. Administrative Record, at 1647 through 1657. This Technical Evaluator rated Southern Foods' revised Competitive Proposal as "Blue" on the Technical Factor and as "Blue" on the Management Factor. This Technical Evaluator's overall rating of Southern Foods' revised Competitive Proposal was "Blue," or "Exceptional." Administrative Record, at 1657. Southern Foods' revised Competitive Proposal was not thereafter rated by a member of the Technical Evaluation Team.

10. It is not true, as Intervenor's Statement of Fact Number 13 would have it, at page 4, that for Sysco Corporation's revised Competitive Proposal the Contracting Officer had calculated Sysco Corporation's gross markup/margin percentage to be 9.85

percent. Administrative Record, at 1691. Instead, this is the gross markup/margin percentage calculated by the Contracting Officer for Sysco Corporation's initial Competitive Proposal. There is no evidence in the Administrative Record of the gross markup/margin percentage calculated by the Contracting Officer for Sysco Corporation's revised Competitive Proposal. Indeed, there is no evidence in the Administrative Record that Sysco Corporation ever submitted a revised Competitive Proposal.

11. Sysco Corporation's initial Competitive Proposal was rated by the Technical Evaluation Team as "Red," or "Unacceptable" on the Technical Factor. Sysco Corporation's initial Competitive Proposal was rated by the Technical Evaluation Team as "Red/Green" on the Management Factor. The Technical Evaluation Team's overall rating of Sysco Corporation's initial Competitive Proposal was "Red," or "Unacceptable." Administrative Record, at 1691.

12. It is true, as Defendant's Statement of Fact Number 37 would have it, at page 9, and as Intervenor's Statement of Fact Number 15 would have it, at page 5, that Southern Foods was given a Debriefing on March 1st, 2007. But the Debriefing that Southern Foods was given on March 1st, 2007 was itself not truthful. The Debriefing slides

say that the revised Competitive Proposals of all three Offerors for United States Service Area Ten were "rated as technically acceptable with no significant weaknesses or deficiencies." Administrative Record, at 1812. The Debriefing slides are a lie.

13. The Technical Evaluation Team rated Southern Foods' revised Competitive Proposal as "Blue" on the Technical Factor and as "Blue" on the Management Factor. The Technical Evaluation Team's overall rating of Southern Foods' revised Competitive Proposal was "Blue," or "Exceptional." Administrative Record, at 1657. The Technical Evaluation Team rated USFS' revised Competitive Proposal as "Green," or only "Acceptable" on the Technical Factor and as "Low Green," or less than "Acceptable" on the Management Factor. The Technical Evaluation Team's overall rating of USFS' revised Competitive Proposal was "Low Green," or less than "Acceptable." Administrative Record, at 1601, 1606.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

**Protected Information Has Been Redacted**

April 27th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Southern Foods, Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Friday, April 27th, 2007 a true and complete copy of this Counter Statement of Facts was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Joan Margaret Stentiford-Ulmer, Esq.

Electronic Mail: Joan.Stentiford-Ulmer@usdoj.gov

Attorney of record for Defendant,
U.S. Army Family and Morale, Welfare,
and Recreation Command.

I also certify, under penalty of perjury, that on Friday, April 20th, 2007 a true and complete copy of this Counter Statement of Facts was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

John J. Pavlick, Jr., Esq.

Electronic Mail: jpavlick@venable.com

Attorney of record for Intervenor,
U.S. Foodservice, Incorporated.